Bigger, J.
This is another contested election case under the Brannock Local Option Law. The probate court rendered judgment in. favor of the defendant in error, setting aside the election as null and void. It appears that in this case the petition was filed *357 with a judge of this court, which was found to have exempt territory included in the boundaries. Upon application to the judge, leave was given to withdraw the petition, and a change was made in the boundaries, excluding this exempt territory, and the consent of forty per cent, of the qualified electors of the district was obtained to this change in the boundary, when the petition was refiled and an election ordered and heid.
It was decided by the probate court that the petition having been filed could not be withdrawn and refiled. It seems from the record that the decision of the. court was based upon this proposition that a petition could not be withdrawn, and boundaries changed and refiled, and the court refused to permit the defendant, plaintiff in error here, to show that the consents of the signers had been obtained. In this, I think the court below was clearly in error. I see no reason why the signers of a petition may not withdraw it if they see fit, and no authority is cited in support of such a doctrine. That individuals may withdraw from a petition before it is acted upon is too well settled to admit of controversy. 'It follows, therefore, that they may all withdraw, and that seems to be what was done here. If that be true, then the people may again petition, and that seems to be in effect what was done here.
The ease decided by the Kansas City Court of Appeals, which is not a court of last resort, and which is cited in support of this claim, is not in point for the reason that it appeared in that case that a few of the petitioners without authoriy, as is clearly stated, from the great body of the petitioners, undertook to withdraw the petition. That is not this case. The petition was withdrawn and forty per cent, of the voters of the new district, it must be assumed, had petitioned for an election in the changed district. The presumption is when the election was ordered that forty per cent, of the voters in the new district had signed it. The defendant in error, plaintiff below, did not establish the fact that it was not signed by forty per cent, of the qualified electors of the new district, but on the contrary his own evidence shows that forty per cent, had signed. It was certainly valid as a new petition. It made no difference that they may have used the old sheets and without *358 having the signers re-write their names simply have them give their consent to a change of the boundaries and re-file it. It was in effect a petition of forty per cent, of the voters of a new district, and the election was properly ordered and held. For this reason, the judgment of the court below must be reversed.
W. B. Wheeler, for plaintiff in error.
Gumble & Gumble, for defendant in error.